■ SKALL FOOD & BEVERAGE CO., INC., Appellant, v. T-BONE DINER, INC., et al., Respondents.— In an action for a mandatory injunction and for declaratory and other relief, the plaintiff appeals from so much of an order of the Supreme Court, Queens County, entered January 10, 1964, as: (1) granted defendants' cross motion to dismiss the complaint for legal insufficiency; and (2) directed entry of judgment in defendants' favor dismissing the complaint, with costs against the plaintiff. Order, insofar as appealed from, affirmed, with $10 costs and disbursements, with leave to plaintiff, if so advised, within 30 days after entry of the order hereon, to serve an amended complaint separately stating and numbering each alleged cause of action, and setting forth the factual basis for each cause of action but omitting all the evidentiary matter contained in the present complaint. No opinion. Beldock, P. J., Brennan, Hill and Rabin, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to deny the defendants' motion to dismiss the complaint, on the ground that the complaint sufficiently sets forth a cause of action with respect to plaintiff's easement claim and with respect to plaintiff's claim of the unauthorized removal of certain of the appurtenances to its building by the defendant T-Bone Diner, Inc.

■ MARION STEINBERG, as Administratrix of the Estate of HOWARD M. SOLOMON, Deceased, Respondent, v. HELEN FISCHMAN, as Administratrix of the Estate of JUDITH B. ZOLA, Deceased, Appellant.— In an action by an administratrix to recover damages for personal injury and wrongful death arising out of an automobile accident which occurred in the Province of Quebec, Canada, defendant appeals from an order of the Supreme Court, Queens County, entered September 28, 1964 which denied her motion for summary judgment pursuant to CPLR 3212. Order affirmed, with $10 costs and disbursements. The car involved in this accident was owned, registered and insured in the State of New York. Both occupants of the car were residents of this State. Defendant contends that the law of the Province of Quebec should govern this action, and not the law of the State of New York. In Quebec, a guest passenger in a private motor vehicle has no cause of action for negligence against the owner or driver (Civil Code of the Province of Quebec, §§ 1054, 1056). In our opinion, this action is governed by the laws of the State of New York and not by Canadian law (cf. *Babcock* v. *Jackson*, 12 N Y 2d 473). Hence, the defendant's motion for summary judgment was properly denied. Beldock, P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.